UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 6:97-cr-242-Orl-22GJK

PATRICK JOHN SUGDEN

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE TERM

The United States of America, through the undersigned Assistant United States Attorney, files its response to Defendant's Motion to Terminate Supervised Release. Doc. 182. For the reasons that follow, the United States does not oppose the motion.

On August 11, 1998, the defendant was convicted of conspiracy to commit robbery, conspiracy to use and carry a firearm during and in relation to a crime of violence and possession of a firearm by a convicted felon. Doc. 111. The district court sentenced the defendant to 262 months in prison followed by three years of supervised release. The court also ordered the defendant to pay restitution of $2,220 to the victim of the offense. *Id.*

On or about July 15, 2016, the defendant began his term of supervised release. The defendant has now filed a motion for early termination of his supervised release. The undersigned has consulted with the United States Probation Office (USPO), and the USPO does not oppose the motion.

The Court "'may, after considering the [§ 3553(a) factors,] ... terminate a term of supervised release,' pursuant to the provisions of the Federal Rules of Criminal Procedure, if the defendant has already served at least one year of supervised release, and 'if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Fu Qian DannyPan*, 540 F. App'x 945, 947 (11th Cir. 2013) (quoting 18 U.S.C. § 3583(e)(1)). The Eleventh Circuit has stated that:

> The § 3553(a) factors that the district court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and sentencing range established for the applicable category of offense committed, as set forth in the Sentencing Guidelines; (6) pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

*United States v. Boyd*, 606 F. App'x 953, 959 (11th Cir. 2015). Further, "in weighing the above considerations, the court need not "'articulate the applicability of each factor, as long as the record demonstrates that the pertinent factors were taken into account[.]'" *United States v. Douglas*, 576 F.3d

1216, 1219 (11th Cir.2009) (quoting *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir.2009)).

The Eleventh Circuit has articulated one important purpose of supervised release as being to "improve the odds of a successful transition from the prison to liberty." *United States v. Perry*, 397 F. App'x 521, 522 (11th Cir. 2010) (citing *Johnson v. United States*, 529 U.S. 694, 708-09 (2000)). On the other hand, the Eleventh Circuit has recognized that:

> *The statute's requirement that courts examine §§ 3553(a)(1), (a)(2)(B)*-(D), and (a)(4)-(7), before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, and uniformity of sentences among defendants committing the same types of crimes, are all also considerations related to supervised release.

*Perry*, 397 F. App'x at 522. Further, the fact that a defendant has served only a fraction of the ordered term of supervised release is a valid consideration in the denial of a motion to terminate that supervision. *See United States v. Reagan*, 162 F. App'x 912, 914 (11th Cir. 2006) ("Given the variety of other goals, both rehabilitative and retributive, as well as the small fraction of the term served, denial of Reagan's motion for modification was not an abuse of discretion.").

Here, the Probation Office in the Northern District of Georgia is supervising the defendant. The officer reported that the defendant has served

about 2/3 of his supervised release term, or 22 months, without incident. The defendant has maintained full employment, has completed his community service, has complied with all of his reporting requirements and has paid restitution in full.   The probation officer believes that the defendant has successfully transitioned from prison to liberty and the officer has reported that the defendant has complied with all conditions of his supervised release. The probation officer in the Middle District of Florida that supervised the defendant before his transfer to the Northern District of Georgia also stated that she did not oppose the motion for early termination.

     Wherefore, for the foregoing reasons, the United States does not oppose the defendant's motion for early termination of his supervised release.

                        Respectfully submitted,

                        MARIA CHAPA LOPEZ
                        United States Attorney

By:    */s/ Karen L. Gable*
        Karen L. Gable
        Assistant United States Attorney
        USA No. 025
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone:  (407) 648-7500
        Facsimile:  (407) 648-7643
        E-mail:     karen.gable@usdoj.gov

**U.S. v. PATRICK JOHN SUGDEN**          Case No. 6:97-cr-242-Orl-22GJK

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2018, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Patrick John Sudgen
2738 Hearthstone Circle
Marietta, GA 30062

/s/ *Karen L. Gable*
Karen L. Gable
Assistant United States Attorney
USA No. 025
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-mail:     karen.gable@usdoj.gov